# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 27, 2015 Session

## SWEET WATER SUSTAINABILITY INSTITUTE, et al. v. URBAN CENTURY INSTITUTE, et al.

### Chancery Court for Monroe County
No. 17356      Jerri Bryant, Chancellor

---

### No. E2014-00823-COA-R3-CV-FILED-APRIL 27, 2015

---

This is an appeal from an order dismissing only the appellant, Sweet Water Sustainability Institute, from the proceedings below. Because the order appealed from does not resolve any of the remaining claims in the case, we lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., CHARLES D. SUSANO, JR., C.J., AND D. MICHAEL SWINEY, J.

Steven B. Ward, Madisonville, Tennessee, for the appellant, Sweet Water Sustainability Institute.

Wendell J. O'Reilly, Brentwood, Tennessee, for the appellee, Urban Century Institute.

William J. Brown, Cleveland, Tennessee, for the appellees, Enota Institute, Inc. and Sakura Preservation Trust.

Charles C. Burks, Jr., Knoxville, Tennessee, for the appellees, Patricia Baeher and Phillip Bateman.

Herbert Slatery, III, Attorney General and Reporter, and Jeremy E. Pyper, Assistant Attorney General, Antitrust Division, Nashville, Tennessee, for the appellee, State of Tennessee.

<h1 style="text-align:center">MEMORANDUM OPINION[1]</h1>

This Court was alerted, prior to transmission of the record, that the order on appeal did not resolve all remaining claims in the case and that it specifically stated that "all other claims by other parties remain pending." Because the order also did not "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment," Tenn. R. Civ. P. 54.02, the Court directed the appellant to secure an order from the Trial Court that complied with Rule 54.02 of the Rules of Civil Procedure and provided this Court with jurisdiction to consider this appeal. The Trial Court entered an order on March 4, 2015, which is not in conformity with the directive of this Court and it appears that the Trial Court has entered no other order in compliance with Rule 54.02. As such, this Court directed the appellant to show cause why this appeal should not be dismissed as premature. The appellant has filed no response to the show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In Re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Accordingly, this appeal is dismissed. Costs on appeal are taxed to the appellant, and its surety, for which execution may issue if necessary.

<b>PER CURIAM</b>

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.